## McKNIGHT et al. v. DUDLEY.

### (Circuit Court of Appeals, Sixth Circuit. November 8, 1906.)

### No. 1,552.

**1. DOMICILE—HUSBAND AND WIFE—INSANITY OF HUSBAND—RIGHT OF WIFE TO CHANGE RESIDENCE.**

Upon the insanity of a husband and his confinement in an asylum, his wife becomes the head of family, and may change her place of residence to another state, regardless of the fact that her husband remains in confinement in the state of her former residence.

**2. TAXATION—SUIT TO RESTRAIN COLLECTION OF TAXES—OHIO STATUTE.**

A complainant may maintain a suit, under Rev. St. Ohio 1906, § 5848, to restrain the collection of taxes on credits, where the question at issue is not one of valuation but of the legality of the tax; the contention being that the complainant was not at the time a resident of the county so as to render the credits taxable therein under Rev. St. Ohio 1906, § 2735.

Appeal from the Circuit Court of the United States for the Western Division of the Southern District of Ohio.

R. B. Miller, for appellants.

Jones & James (Rankin D. Jones, Francis B. James, and Spencer M. Jones, of counsel), for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. On the 21st of October, 1899, the auditor of Lawrence county, Ohio, acting under authority of sections 2781 and 2782 of the Revised Statutes of Ohio of 1906, placed upon the tax duplicate of Lawrence county, against Mary A. Dudley, certain credits (being notes and mortgages alleged to be outstanding) for the years 1894, 1895, 1896, 1897, 1898, and 1899, with the statutory penalties added, upon which he assessed taxes aggregating $5,471.50, and certified the same to the treasurer for collection. This was done upon the ground that Mrs. Dudley was a resident of Ironton, Lawrence county, during the years mentioned, and had evaded returning the alleged credits. On the same day, the treasurer brought suit against Mrs. Dudley in the state court to collect these back taxes, and secured an attachment against her property in Lawrence county by making affidavit that she was at that time a nonresident. This suit was removed to the court below by Mrs. Dudley on the ground she was not a citizen of Ohio, and thereafter the present action was instituted to enjoin the treasurer and auditor from further prosecuting the suit brought by the former, and from maintaining said claim for taxes on the tax duplicate, or attempting to collect the same. The court below, after a full hearing, granted the relief prayed for, from which action an appeal has been taken.

Several grounds of relief are set out in the bill of complaint; the principal being: First, that Mrs. Dudley was a nonresident of Ironton during the years 1894 to 1899, inclusive; second, that the auditor acted without any evidence in charging her with taxes for these years, and that, in point of fact, during this time her debts equaled or exceeded her

actual credits; and, third, that sections 2781 and 2782 of the Revised Statutes of Ohio of 1906 were unconstitutional.

The court below found it necessary to consider the first ground alone; the finding being: "The weight of the evidence shows that she was not a resident of Ironton during the years in which it is sought to tax her credits." We have heard the arguments and examined the record, which is voluminous, and we concur in the conclusion reached by the court below.

Mrs. Dudley was born in England, twice married there, and came to Ironton in 1870 to join her second husband, John Dudley. Mr. and Mrs. Dudley kept house in Ironton from 1870 to 1880, when he became insane and was sent to the asylum at Athens, Ohio, where he died in 1896. Mrs. Dudley continued to keep house in Ironton until 1886, when she removed to Philadelphia, where her son William was attending a medical college. When she broke up housekeeping in Ironton, she disposed of her household goods, except enough to furnish two rooms in Philadelphia, which she took with her. She, her daughter Frances, and her son William lived in Philadelphia, or its suburbs, from 1886 to 1892. By this time her son had completed his medical course, and her daughter Frances had married and removed to Indianapolis. Another daughter, Maud, after a preparatory course of two years, had entered the dramatic professsion and established herself in New York. It is Mrs. Dudley's claim, and there was some testimony to support it, that when she left Philadelphia she joined her daughter Maud in New York, and has since made her home there. In 1897 Maud was married and left the stage. She has since spent practically all her time in New York. Before, she was "on the road"; her engagements taking her from New York a large part of each year. The testimony as to Mrs. Dudley's movements after she left Philadelphia is not entirely satisfactory. Her recollection of places and dates is poor, but this is to be expected, as she is a woman advanced in years. Moreover, we take the view that the burden was not upon her to show precisely where she was during each month or year of the period from 1894 to 1899, inclusive. The testimony is practically uncontradicted that she broke up housekeeping in Ironton in 1886, and moved to Philadelphia, with the intention of changing her residence. She lived there until 1892. The change of residence, thus clearly established, put the burden upon the defendants to satisfy the court that, after leaving Ironton with the intention of acquiring another domicile, she subsequently returned for the purpose of again taking up her residence there. No proof to that effect was introduced. After leaving in 1886, she never again made Ironton her home. She came there occasionally for business purposes, to look after her investments. At these times she visited her daughter Mrs. Fisher, so long as the latter lived there, and afterwards stopped with friends; but her stays were short, and she always came with the intention of soon returning to the East.

The fact that Mrs. Dudley's husband was an inmate of the asylum for the insane at Athens, Ohio, in 1886, could not deprive her of the right to change her residence as her interests and those of her children might seem to require. In Ohio, a married woman may own property

and enter into contracts as if she were unmarried. Rev. St. 1906, §§ 3108–3117, inclusive. It is true the husband is designated as the head of the family and given the right to choose a reasonable place of abode, but, of course, this right exists only while he is sane. When he was placed in the asylum, his wife became the head of the family, the burden of support fell upon her, and the right to choose a place of abode went with it. Haddock v. Haddock, 201 U. S. 562, 571, 583, 26 Sup. Ct. 525, 50 L. Ed. 867.

But it is insisted the court below was without jurisdiction, that the action of the auditor was final and could not be reviewed in a suit to restrain the collection of the taxes thus assessed. We recognize the existence in Ohio of the general rule that the decisions of taxing officers and tribunals charged with the duty of valuing property for taxation are final and conclusive. Wagoner v. Loomis, 37 Ohio St. 571. But this is not a case of valuation. There is no attempt to review the action of the auditor in valuing property. The attempt is to set aside his action in placing certain property on the duplicate for taxation. Mrs. Dudley's credits were taxable in Lawrence county from 1894 to 1899, only in case she was during those years a resident thereof. Rev. St. 1906, § 2735. The dispute as to her residence therefore raised the question of the legality of the taxes assessed by the auditor. It was not the valuation placed upon her credits, but their inclusion, the right to tax them at all, which was assailed. The legality of the levy being involved, it was open to the complainant below to avail herself of the remedy afforded by section 5848 of the Revised Statutes of Ohio. Rev. St. 1906, § 5848; Musser v. Adair, 55 Ohio St. 466, 45 N. E. 903; Hagerty v. Huddleston, 60 Ohio St. 149, 165, 53 N. E. 960; Cummings v. Bank, 101 U. S. 153, 25 L. Ed. 903; Grether v. Wright, 75 Fed. 742, 23 C. C. A. 498.

The judgment is affirmed.