Aleen, J.
 

 This case does not involve an application to enjoin a tax levy or tax collection because of a claimed illegality or injustice in the amount of an assessment. For that reason the holdings in
 
 City of Cuyahoga Falls
 
 v.
 
 Beck,
 
 110 Ohio St., 82, 143 N. E., 661,
 
 Bashore
 
 v.
 
 Brown, Treas.,
 
 108 Ohio St., 18, 140 N. E., 489, and
 
 Hammond, Treas.
 
 v.
 
 Winder, Recr.,
 
 112 Ohio St., 158, 147 N. E., 94, do not apply. Thus it was conceded in the
 
 Cuya
 
 
 *192
 

 hoga Falls case
 
 that the statute had been duly followed, that the proceedings were entirely regular, and that the city had the power to levy the assessment, but it was contended that the assessment was illegal in amount only, being in excess of the 33-1/3 per cent, limitation. This case, on the contrary, involves the very power to levy the tax itself; the plaintiffs in error urging that they are exempt from taxation upon the ground that the Marsh foundation is an institution of public charity only.
 

 Before the original enactment providing that the courts of common pleas should have jurisdiction to enjoin the illegal assessment of taxes, the Ohio decisions held that an injunction would not lie against the collection of illegal taxes, where the plaintiff had an adequate remedy at law by way of a suit for damages against the officer making the collection. After the statute was enacted, this court, in
 
 Stephan, Treas.,
 
 v.
 
 Daniels,
 
 27 Ohio St., 527, considered this statute, and said of it (page 536):
 

 “It gives a remedy by injunction, on the application of a' single person taxed, when none existed before. In his application he need not aver and show, as under ordinary rules in equity, that great or irreparable injury is about to be done for which he has no adequate remedy at law,
 
 hut only that the tax is illegal
 
 which is about to be assessed or collected.”
 

 . In
 
 Steese
 
 v.
 
 Oviatt, Treas.,
 
 24 Ohio St., 248, at page 253, the court said: “The act of May 1, 1856 (S. & C., 1151), gives to the courts jurisdiction
 
 *193
 
 to restrain the collection of taxes illegally assessed; but the jurisdiction thus conferred is an equitable jurisdiction, and is to be exercised upon equitable principles. Proceeding under the statute, the party complaining is not required to show a case of threatened irreparable injury, or the absence of a remedy by ordinary legal proceedings; but he must exhibit a case in which, upon the merits, he is entitled to the equitable relief demanded.”
 

 These opinions were later confirmed in their holding by various federal cases, among them
 
 Lander, Treas.,
 
 v.
 
 Mercantile Nat. Bank of Cleveland,
 
 118 F., 785, 55 C. C. A., 523;
 
 Cummings
 
 v.
 
 National Bank,
 
 101 U. S., 153, 25 L. Ed., 903;
 
 Grether
 
 v.
 
 Wright,
 
 75 F., 742, 23 C. C. A., 498. In the
 
 Lander case
 
 the question was whether the bank had not exhausted its remedy at law; it being contended that until it did exhaust that remedy it could not proceed in injunction. The court decided in favor of the bank upon the ground that Section 5848, Revised Statutes, which was the precursor of Section 12075, General Code, expressly authorized suits to enjoin the illegal levy of taxes or assessments, or collection thereof. At page 791 (55 C. C. A., 529) the court said:
 

 “It is further argued by the appellants that the bank did not exhaust its remedy at law by further proceedings under the Ohio Statutes. The Revised Statutes, of Ohio (Section 5848) expressly declare that suits may be brought to enjoin the illegal levy of taxes or assessments or the collection thereof. It has been held in authoritative decisions
 
 *194
 
 that this statute will he enforced on the equity side of the federal courts.
 
 Grether
 
 v.
 
 Wright,
 
 23 C. C. A., 498, 75 F., 742;
 
 Cummings
 
 v.
 
 Bank,
 
 101 U. S., 153, 25 L. Ed., 903.”
 

 In
 
 Cummings
 
 v.
 
 National Bank,
 
 101 U. S., 153, 25 L. Ed., 903, a tax case which went from the courts of this state to the Supreme Court of the United States, it was claimed that the plaintiff was not entitled to an injunction because it had a plain, adequate, and complete remedy at law. The court holds, upon page 157:
 

 “But the statute of the state expressly declares that suits may be brought to enjoin the illegal levy of taxes and assessments or the collection of them. Section 5848 of the Revised Statutes of Ohio 1880; Yol. Lin, Laws of Ohio, 178, Sections 1, 2. And though we have repeatedly decided in this court that the statute of a state cannot control the mode of procedure in equity cases in federal courts, nor deprive them of their separate equity jurisdiction, we have also held that, where a statute of a state created a new right or provided a new remedy, the federal courts will enforce that right either on the common law or equity side of its docket, as the nature of the new right or new remedy requires.
 
 Van Norden
 
 v.
 
 Morton,
 
 99 U. S., 378 [25 L. Ed., 453]. Here there can be no doubt that the remedy by injunction against an illegal tax, expressly granted by the statute, is to be enforced, and can only be appropriately enforced on the equity side of the court.”
 

 Grether
 
 v.
 
 Wright,
 
 75 F., 742, 23 C. C. A., 498, decided in the Ohio Circuit Court of Appeals, holds
 
 *195
 
 that under Revised Statutes, Section 5848, an appeal may be brought in the United States court to restrain a tax on the sole ground of its illegality, in spite of the fact that Section 723 of the Revised Statutes of the United States (U. S. Comp. St., Section 1244), provides that suits in equity shall not be sustained in the courts of the United States in any cases where there is a plain, adequate, and complete remedy at law.
 

 The same principle is to be found in
 
 Musser, Aud.,
 
 v.
 
 Adair,
 
 55 Ohio St., 466, 45 N. E., 903.
 

 In every one of the cases above quoted, the plaintiff had a remedy at law either by paying the taxes and. bringing suit to recover them back or by appealing to the state auditor for a remission of taxes.
 

 The apparent conflict in the decisions arising between the line of cases ending with
 
 Hammond
 
 v.
 
 Winder,
 
 112 Ohio St., 158, 147 N. E., 94, and the line of cases indicated, is simply explained when we note that the cases in which injunction is denied are cases concerning valuation, or amount of assessment, and the cases in which injunction is granted are cases which contest the very power to lay the tax. This distinction was observed in the case of
 
 McKnight
 
 v.
 
 Dudley,
 
 148 F., 204, 78 C. C. A., 162, which holds as follows:
 

 “But it is insisted the court below was without jurisdiction, that the action of the auditor was final and could not be reviewed in a suit to restrain the collection of the taxes thus assessed. We recognize the existence in Ohio of the general rule that the decisions of taxing officers and tribunals charged
 
 *196
 
 with the duty of valuing property for taxation are final and conclusive.
 
 Wagoner
 
 v.
 
 Loomis,
 
 37 Ohio St., 571. But this is not a case of valuation. There is no attempt to review the action of the auditor in valuing property. The attempt is to set aside his action in placing certain property on the duplicate for taxation. Mrs. Dudley’s credits were taxable in Lawrence county from 1894 to 1899, only in case she was during those years a resident thereof. Rev. St., 1906, Section 2735. The dispute as to her residence therefore raised the question of the legality of the taxes assessed by the auditor. It was not the valuation placed upon the credits,' but their inclusion, the right to tax them at all, which was assailed. The legality of the levy being involved, it was open to the complainant below to avail herself of the remedy afforded by Section 5848 of the Revised Statutes of Ohio. Rev. St., 1906, Section 5848;
 
 Musser
 
 v.
 
 Adair,
 
 55 Ohio St., 466, 45 N. E., 903;
 
 Hagerty
 
 v.
 
 Huddleston,
 
 60 Ohio St., 149, 165, 53 N. E., 960;
 
 Cummings
 
 v.
 
 Bank,
 
 101 U. S., 153, 25 L. Ed., 903;
 
 Grether
 
 v.
 
 Wright,
 
 75 F., 742, 23 C. C. A., 498.”
 

 These decisions are controlling upon this court, and fully answer the contention of the defendants in error that, under Section 5616
 
 et seq.,
 
 the plaintiffs in error were remitted to their statutory remedy, and cannot now apply for relief under Section 12075. When the question raised is as to the very power to lay the tax, and not as to the valuation of the property, nor as to the amount of the assessment, injunction will lie under Section 12075. That section gives a remedy against the
 
 *197
 
 levy of an unauthorized tax concurrent with the remedy contained in Sections 5616, 5611-1, and 5611-2, General Code. Otherwise Section 12075 is utterly deprived of vitality.
 

 Defendants in error, however, claim that under the statutes above quoted the tax commission has the sole power originally to determine the liability of property for taxation, and hence Section 12075 is repealed by implication.
 

 Now the statute does not expressly state that the power to determine liability of property for taxation rests in the first instance with the commission only. Obviously, the commission must determine the liability of property to taxation in order to perform its administrative functions. It must, in a preliminary way,, decide what property is subject to taxation, and within what classes particular pieces of property fall. The contention of the defendants in error, however, seems to be that Sections 5616, 5611-1, and 5611-2 take from the courts the power given them under Section 12075 to determine in the first instance whether property is liable to taxation, and vest that power in the tax commission alone, and that the only way in which the courts secure jurisdiction of the question is by petition in error from the decision of the tax commission.
 

 If that were the case, the statute would necessarily have made it mandatory upon a person dissatisfied with the tax to complain to the tax commission, but Sections 5616, 5611-1, and 5611-2, make no such requirement. They merely give the plaintiff an opportunity to complain to the tax commis
 
 *198
 
 sion, and thereby offer him a choice of remedies when he claims that there is no power to levy the tax which is placed upon his property. We cannot emphasize too strongly the fact that this contest is over the very right to tax. The claim here is not that the tax is illegal because of a failure to comply with any provision of the statute. The claim here is not that the proceeding was properly begun and properly carried on, and that the tax is excessive, but the claim is that the proceeding in its very inception is void. It was admitted in the
 
 Bashore, Cuyahoga Falls,
 
 and
 
 Winder cases
 
 that some part of the tax was legal. Here the claim is that the entire tax is invalid, because no part of it was authorized by law.
 

 The liability of property to taxation has necessarily to be determined by any officer charged with the duty of levying the tax. Thus he may have to decide whether municipal bonds were outstanding January 1, 1913, whether the owner of personal property is a resident of the state, or whether property has been brought into the state after the tax day. In these and similar questions the tax commission has the right, in the exercise of its functions, to determine the liability of property for taxation. But, when the legality of the tax is contested upon the ground that the property is exempt from taxation, the tax commission is not empowered to determine that purely judicial question to the exclusion of the courts, acting under :the provisions of Section 12075, General Code. Hence the mere fact that the statute says that the tax commission may determine such liability does
 
 *199
 
 not by implication repeal tbe provision of Section 12075 and supersede the judicial remedy established in that section. We therefore hold that for the case herein presented, Section 12075 gives a remedy concurrent with the remedies contained in Sections 5616, 5611-1, and 5611-2, and that the Court of Appeals should have allowed the injunction prayed for.
 

 The argument that the decision herein is untenable on the ground that injunction cannot be invoked where legal remedies have been provided completely ignores the foregoing decisions of this court, none of which has been overruled, and completely ignores the rules stated in the United States authorities that, when a remedy by injunction against an illegal tax is expressly granted by the statute, an injunction may be obtained upon the sole ground that no right to tax exists, irrespective of the question whether the concurrent statutory remedies have been employed.
 

 Several parcels of real property and considerable personal property are described in the petition as being held in trust for the purposes of the Marsh foundation. The petition alleges that all the property of the Marsh foundation is used exclusively for charitable purposes. This allegation is denied in the answer. The record contains no testimony, and does not show what portion of the property is used exclusively for charitable purposes, if any, nor what portion of the property, if any, is employed for commercial purposes. If any of the property in question is employed for other purposes than those of an institution of public
 
 *200
 
 charity only, it is- not exempt from taxation, even though the income arising from such use is devoted wholly to the purposes of charity.
 
 Rose Institute
 
 v.
 
 Myers, Treas.,
 
 92 Ohio St., 252, 110 N. E., 924, L. R. A., 1916D, 1170.
 

 Since the Court of Appeals decided only one feature of the case, namely, that with regard to the application of Section 12075, General Code, to this controversy, the judgment will be reversed and the cause remanded for further proceedings upon the question as to what, if any, of the property constituted an institution of public charity only at the times set forth in the petition.
 

 Judgment reversed.
 

 . Marshall, C. J., Day, Kinkade and Robinson, JJ., concur.
 

 Matthias, J., not participating.