No. 798

HOWELL et v. GROVEPORT (Vil.)

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1485. Decided March 16, 1927.

**First Publication of this Opinion.**

103. ASSESSMENTS—Amendment of resolution, reducing number of paving assessments from ten to nine, is within discretion of Council. Personal notice, of such resolution, not necessary.

Appeal from Common Pleas.
Petition dismissed.

P. M. McCartney, Columbus, for Howell et.
John H. Cooper, Columbus, for Village.

BY THE COURT.

This action involves the validity of certain street assessments. The Village of Groveport determined to improve Black Lick Street. The ordinance provided for a foot front assessment upon abutting lots. Notice of the resolution was duly served upon the interested lot owners. Section 6 of the resolution was amended by reducing the number of annual installments from ten to nine. There were no personal notices given of the amended resolution but notices were posted as provided by ordinance. No personal notices of the assessment ordinance were served upon lot owners, but notices thereof were posted, in five public places, as required by ordinance.

The first question is as to the sufficiency of the notices. Personal notice was given as to the resolution to improve. This is in conformity with the statute. This notice naturally charged the land owner with notice of the subsequent proceedings and that an assessment would be made on the front foot plan. Notices of subsequent proceedings are not required to be personal. Such notices must be by publication in a newspaper as required by 3895 GC. or, when no newspaper is published in the municipality, notice by posters may be substituted under 4676 GC. Such substitute notices would have the same effect, in cases where the same are authorized, as notices by publication. The case of Maple Heights v. Holtz, 100 OS. 274, is controlled by 3895 GC.

and not by 4676 GC. That case does not apply to the instant case. Here it is admitted that no newspaper is published in the village of Groveport. Section 4676 therefore applies.

The regularity of the notices of various proceedings, including the assessment against various land owners, charges such land owners, prima facie, at least, with notice or knowledge of the various steps taken in the proceedings. This is established in the case of Chamberlain v. Cleveland, 34 OS. 552.

It was held in the case of Cuyahoga Falls v. Beck, 110 OS. 82:

"Under Section 3848 GC. a property owner, objecting to street assessments made according to benefits, by a municipality, must file his objection, in writing, with the Clerk of the municipality, within two weeks after the expiration of the notice given under Section 3895 GC." "Where property owner has received actual notice of the amount of the assessment, failure to file such written objection constitutes waiver of the right to question the assessment in a court of equity under 1275 GC. This is true even though the assessment exceeds 33⅓ per cent of the actual value of the lot or parcel of land in question, after improvement is made."

In that case the assessment was according to benefits but the rule of the case would apply equally to a front foot assessment.

We are referred to the recent case of Baxer v. Van Bouter, Auditor, 115 OS. 200. The opinion in this case is by Judge Allen who also wrote the opinion in the case of Cuyahoga Falls v. Beck. The two cases are distinguished.

The undisputed evidence, in the instant case, shows that the improvement of Black Lick St. was not completed until October, 1923, the last estimate being made Oct. 30, 1923. The assessment was made Aug. 22, 1923, so that this case falls within the decision of Cuyahoga Falls v. Beck.

Howell admits that he did not file a written complaint. We think it follows reasonably, from the testimony of Howell, that he had actual knowledge of the assessment at, or very shortly after, the time of the adoption of the assessment ordinance, and, having failed to file a written complaint, under the provisions of 3848 GC., he would be barred of his right to have the assessments reviewed under the decision in the case of Cuyahoga Falls v. Beck.

Counsel for plaintiff contends that the amendment of Section 6 of the original resolution, by reducing the annual installments from 10 to 9 years, without personal notice, was illegal. In our judgment it was within the discretion of the council to make this amendment. The posting of the notices was sufficient to validitate the same. At any rate, the fact that personal notice was not given would not be a jurisdictional defect.

The improvement was completed about Oct. 30, 1923, and the suit was brought, in the Court of Common Pleas, to enjoin these assessments on March 18, 1925. This was more than one year after the improvement had been completed. The court does not, however, base its decision upon the mere fact of delay but following the decisions referred to in this opinion we are of the opinion that the plaintiffs do not have a cause of action and that the petition must be dismissed.

(Ferneding, Kunkle and Allread, JJ., concur.)