Allen, J.,
 

 dissenting. I dissent from the judgment. The amended petition sets up the provisions of the so-called deed from Orlando Hall to the Cleveland Welfare Federation, and alleges that:
 

 “Said so-called deed from Orlando Hall to the Welfare Federation of Cleveland is illegal and void in that no title, or interest in the title to the said property herein described passed to the Welfare Federation of Cleveland under the terms of this so-called deed.
 

 “That said property is not exempt from taxation as it is not both owned and used by a Charitable Institution as required by law.”
 

 This allegation squarely raises the question whether a purported conveyance of the kind described transfers such title or interest as when united with the use for purely charitable purposes results in exemption from taxation. While the prayer of the petition limits the relief prayed for to the year 1924, the announcement of the court does not expressly limit the relief granted to the year 1924, and raises the inference that the exemption
 
 *150
 
 from taxation is allowed for every year subsequent to 1924 in which the charitable use continues.
 

 Certainly such a conveyance as that described in this record, whereby the grantor, his heirs and assigns, retains the option to purchase for ten dollars the property conveyed by the deed, at any time after the end of the year 1924, which option is a first lien upon such property, and declared to be a covenant running with the land, and is further protected by the provision that the grantee, at the time of the delivery of the deed, must execute a deed to the grantor for such property and place the same in escrow, after the year 1924 has expired, is the mere shadow of a conveyance. Whatever title it transfers, after the initial year, can be immediately revoked by the grantor. From now on, there is not one moment of any succeeding year in which the Cleveland Welfare Federation can occupy this property secure in the knowledge that it holds the realty for a definite term, during which it cannot be dispossessed.
 

 The ownership and use must coincide to justify exemption under these statutes. In the case of
 
 Conn et al., Trustees,
 
 v.
 
 Jones, Treas.,
 
 115 Ohio St., 186, 152 N. E., 897, the ownership was conceded; it was only the use which was questioned. In my judgment, however, the ownership which justifies exemption for taxation purposes must be a
 
 bona fide
 
 ownership, and not a mere shadow ownership revocable at any moment by the grantor.
 

 Marshall, C. J., and Robinson, J., concur in the foregoing dissenting opinion.