SMITH, APPELLANT, *v.* OHIO DEPARTMENT OF TAXATION ET AL., APPELLEES.

(No. C-74697—Decided October 27, 1975.)

*Mr. Carl A. Meyers,* for appellant.

*Mr. William J. Brown,* attorney general, and *Ms. J. Elaine Bialczak,* for appellees.

O'NEILL, J. The plaintiff, appellant herein, alleged that the defendant tax commissioner, appellee, had made certain tax assessments against him. He alleged that he was never

personally notified of such assessments, that a judgment had been entered thereon and that collection was being attempted. His prayer was for a restraint of collection, a vacation of judgments, and a cancellation of liens.

The defendant moved for a dismissal on the contention that the Complaint failed to state a claim upon which relief could be granted. Two reasons for this motion were advanced:

    1. The prohibition contained in R. C. 5703.38;

    2. Exclusivity of remedy in the area of state taxation.

The Motion to Dismiss was sustained without an opinion. R. C. 5703.38 reads as follows:

"No injunction shall issue suspending or staying any order, determination, or direction of the department of taxation, or any action of the auditor of state, treasurer of state, or attorney general required by law to be taken in pursuance of any such order, determination, or direction. This section does not affect any right or defense in any action to collect any tax or penalty."

The Ohio Supreme Court in the case of *Torbet* v. *Kilgore,* 6 Ohio St. 2d 42, stated very specifically in paragraph 1 of the syllabus:

"Section 5703.38, Revised Code, prohibits an injunction that will suspend or stay any order, determination or decision of the Tax Commissioner."

At first light, it would seem that this holding is contrary to the grant of powers found in R. C. 2723.01:

"Courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected."

The court, however, recognized R. C. 2723.01, and held that its grant of authority applied only against an illegal levy or collection of taxes and assessments. Paragraph 3 of the syllabus states:

"The specific provisions against an injunction in Section 5703.38, Revised Code, limit the general authority of

the Common Pleas Court, that is provided for in Section 2723.01, Revised Code, to render an injunction against an illegal levy or collection of taxes and assessments. (*Conn et al, Trustees,* v. *Jones, Treas.,* 115 Ohio St. 186, distinguished.)."

No question was raised in the complaint as to the legality of the taxes and assessments. The contention was that the taxes were being collected illegally because such collection was not pursuant to R. C. 5739.13, which provides in part:

"In each case the commissioner shall give to the person assessed written notice of such assessment. Such notice may be served upon the person assessed personally or by registered or certified mail. * * *"

This requirement of notice is a jurisdictional prerequisite to assessment.

"* * * The applicable sections of the Revised Code set out above are statutory, jurisdictional prerequisites as to the time for doing an act, and without compliance therewith the administrative agency is without power or authority. The jurisdiction of such officials and tribunals must be invoked in the manner prescribed by statute, and their proceedings must be in accordance with valid statutory requirements. They are authorized to act only in the mode prescribed by statute and can not dispense with the essential forms of procedure which condition their statutory powers, or have been prescribed for the purpose of investing them with power to act." *Leiphart Lincoln-Mercury* v. *Bowers,* 107 Ohio App. 259 at page 265.

It must further follow that the giving of notice was essential, also, to give any validity to the judgment filed as a result of the assessment. If there was no notice as statutorily prescribed, then the levy of the assessment was illegal and jurisdictionally could be enjoined by the lower court.

The second thrust of the motion filed by defendant is that the remedy for this situation is exclusively in R. C. Title 57. The department of taxation contends that under the specific facts in this case, the plaintiff, by failing to

file an appeal within thirty days of the assessment, is barred from a normal title 57 appeal to the tax commissioner. However, it contends that plaintiff has an alternative remedy to be found in R. C. 5739.07. This statute reads in part:

"The treasurer of state shall refund to vendors the amount of taxes * * * paid on any illegal or erroneous assessment * * * ."

To urge that this is an exclusive remedy would fly in the face of the reasoning expressed by the Supreme Court in *Torbet* v. *Kilgore, supra,* wherein the court, at page 45, ruled that the general authority to render an injunction was limited to "an illegal levy or collection of taxes and assessments." However, we must determine whether R. C. 5739.07 amounts to an exclusive remedy.

"It also appears to be a general rule that where the legislature vests in an administrative agency jurisdiction in a particular situation such jurisdiction will be held exclusive if it is specific, adequate, and complete." 1 Ohio Jurisprudence 2d 618, Administrative Law and Procedure, Section 226.

The foregoing authority is an extension of and closely allied to the authority quoted by the department of taxation and found at 1 Ohio Jurisprudence 2d 556, Administrative Law and Procedure, Section 174, as follows:

"The doctrine of exhaustion of administrative remedies requires that where an administrative remedy is provided by statute relief must be sought by exhausting this remedy before the courts will act. * * * "

This exclusivity and exhaustion doctrine has been spoken to and rationally explained by the United States Supreme Court.

"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law. * * * The reasons for making such procedures exclusive, and for the judicial application of the exhaustion doctrine in cases where the statutory requirement of exclusivity is not so explicit are not difficult to understand. A primary purpose is, of course, the avoidance of prema-

ture interruption of the administrative process." *McKart* v. *United States,* 395 U. S. 185, 193.

The court went on to explain the reasoning behind the creation of administrative bodies and the resultant benefits. An underlying requirement in the foregoing authority and cases is that the administrative remedy be an adequate one. In the instant case, R. C. 5739.07 at its ultimate could afford plaintiff the relief which he requests from the court—a possible finding that the assessment against him was illegal. He can avail himself of this relief by paying to the state treasurer the sum of his assessment, $10,-504.03. If the allegations of his complaint are proven factually, the tendered amount would be refunded and interest paid at a rate of six per cent. Under the circumstances in this case, we are of the opinion that this remedy is onerous, involves substantial expense and is not, therefore, an adequate remedy.

The judgment of the lower court is reversed and the cause is remanded to the lower court for further proceedings according to law.

*Judgment reversed.*

DONOFRIO and BANNON, JJ., concur.

O'NEILL and DONOFRIO, JJ., of the Seventh Appellate District, and BANNON, J., of the Court of Common Pleas of Mahoning County, sitting by designation in the First Appellate District.