[Cite as *U.S. Bank Natl. Assn. v. Franko*, 2018-Ohio-687.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105832**

**U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE**

PLAINTIFF-APPELLEE

vs.

**MARY CLAIRE FRANKO, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-796581

**BEFORE:** S. Gallagher, J., McCormack, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** February 22, 2018

**ATTORNEYS FOR APPELLANTS**

William C. Behrens
Marc E. Dann
The Dann Law Firm Co., L.P.A.
P.O. Box 6031040
Cleveland, Ohio   44103

Thomas J. Kraus
1 Berea Commons, Suite 216
Berea, Ohio   44017


**ATTORNEYS FOR APPELLEE**

Justin M. Ritch
Matthew J. Richardson
Manley, Deas & Kochalski, L.L.C.
P.O. Box 165028
Columbus, Ohio   43216

Tyler K. Ibom
David A. Wallace
Carpenter, Lipps & Leland, L.L.P.
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio   43215


SEAN C. GALLAGHER, J.:

{¶1}   Mary Claire Franko and Charles Stimac, Jr. ("mortgagors") appeal the decree of foreclosure on the property at 33400 Pinetree Road, Pepper Pike, Ohio.   We affirm.

{¶2} Franko executed a promissory note for $300,000, secured by a mortgage signed by both Franko and Stimac in 2005.   The complete mortgage instrument named RBC Mortgage Company as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee and as nominee for RBC Mortgage Company and its successor and assigns.   The loan

was immediately securitized [1] and placed into trust, the Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2005-4 Trust ("trust"). LaSalle Bank National Association was the initial trustee, and Washington Mutual Bank was the servicer on the loan. Washington Mutual Bank began collecting the monthly payments.

{¶3} Washington Mutual Bank went into federal receivership during the financial crisis of the early 2000s. JPMorgan Chase purchased and otherwise assumed some assets of Washington Mutual Bank through the receivership, which at the time made JPMorgan Chase the new servicer of the mortgage. MERS assigned the mortgage to Washington Mutual Bank in 2007. That assignment was duly recorded.

{¶4} Washington Mutual Bank, through the receiver, then assigned the mortgage to Bank of America, National Association in 2009, which was the successor trustee to LaSalle Bank through merger. Approximately three years later, the receiver of Washington Mutual Bank issued a corrective assignment, assigning the mortgage to U.S. Bank. [2] The corrective assignment was recorded and replaced the 2009 assignment. U.S. Bank was the successor trustee to Bank of America by sale. Although the mortgage was assigned several times and there were multiple servicers of the debt, the trust remained as the holder of the note.

{¶5} The mortgagors originally defaulted sometime in 2007. By the time U.S. Bank filed the foreclosure action in 2012, there had been three earlier actions on behalf of the trust

---

[1] Federal law allows the creation of mortgage-related securities. *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 749 (6th Cir.2014), citing Securities Act of 1933, 15 U.S.C. 77a et seq., and Secondary Mortgage Market Enhancement Act of 1984, 1984 Pub.L. 98-440, 98 Stat. 1689. Securitization is a contract separate and distinct from the debt obligations under the note. *Id.*

[2] U.S. Bank National Association, as Trustee, successor in Interest to Bank of America, National Association as Trustee as successor by merger to LaSalle Bank NA as Trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2005-4 Trust ("U.S. Bank").

seeking foreclosure — Washington Mutual Bank in 2007 and Bank of America in 2009 and 2010.

{¶6} In the latest action, U.S. Bank indicated that the trust was in possession of the promissory note, but the note could not be located. U.S. Bank proceeded to enforce the note under R.C. 1303.38, which provides that a person not in possession of an instrument is entitled to enforce the instrument if (1) that person possessed the instrument at the time the loss of possession occurred, or if ownership of the instrument was acquired from the person who was entitled to enforce the instrument when the loss of possession occurred; (2) the loss of possession was not the result of a transfer or lawful seizure; and (3) the person seeking enforcement cannot reasonably obtain possession of the instrument.

{¶7} The trial court granted summary judgment in May 2016 and indicated the court's magistrate would issue a decision "making specific findings as to the rights and liabilities of the parties." Thus, the only issue before the magistrate was limited: the magistrate was not resolving the motion for summary judgment in its entirety. The magistrate concluded, in pertinent part, (1) that U.S. Bank was the real party in interest when the complaint was filed and maintained standing throughout the proceedings; (2) that $292,312.31 plus interest at 6 percent from April 1, 2007, was due as a secured sum and owed by Franko; and (3) that the mortgagors jointly guaranteed the outstanding debt with the property located at 33400 Pinetree Road, Pepper Pike, Ohio.

{¶8} The mortgagors objected to the magistrate's decision, asserting the following errors: (1) the magistrate failed to consider the defendants' submissions or pending defenses; (2) the magistrate erred in finding that U.S. Bank had standing to seek foreclosure based on the note and mortgage; (3) the magistrate erroneously applied R.C. 1303.38, dealing with actions upon lost

notes; (4) that U.S. Bank failed to prove a defect-free chain of title on the note and mortgage; and (5) the magistrate's decision relied on inadmissible evidence. The trial court overruled the objections, and upon the decision of the magistrate, the evidence admitted at the hearing, and the motions and pleadings, summary judgment was granted in favor of U.S. Bank upon the trial court's conclusion that reasonable minds could come to one conclusion based on the undisputed evidence.

{¶9} In the first assignment of error, the mortgagors claim that the trial court's decision was devoid of "sufficiently detailed reasoning to permit a meaningful appellate review."

{¶10} Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. De novo appellate review means that a court of appeals independently reviews the record and affords no deference to a trial court's decision. *BP Communications Alaska, Inc. v. Cent. Collection Agency*, 136 Ohio App.3d 807, 812, 737 N.E.2d 1050 (8th Dist.2000). As a result, the trial court's reasoning is irrelevant to our review and the first assignment of error is overruled.

{¶11} In the second and fourth assignments of error, the mortgagors claim there are genuine issues of material fact precluding summary judgment under Civ.R. 56. Specifically, the mortgagors contend that in earlier foreclosure actions the note bore an allonge that is not present in the current action and that Federal National Mortgage Association ("Fannie Mae") was assigned the mortgage before the mortgage was assigned to U.S. Bank by another financial institution.

{¶12} Summary judgment may be granted if there is no genuine issue of material fact; the moving party is entitled to judgment as a matter of law; and viewing the evidence most strongly

in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Marusa v. Erie Ins. Co.*, 136 Ohio St.3d 118, 2013-Ohio-1957, 991 N.E.2d 232, ¶ 7. In a foreclosure action, the moving party must present "evidentiary quality materials" establishing (1) the plaintiff is the holder of the note and mortgage or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *HSBC Bank USA, N.A. v. Surrarrer*, 8th Dist. Cuyahoga No. 100039, 2013-Ohio-5594, ¶ 16, citing *United States Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 10.

**{¶13}** In this case, the mortgagors contend that either the missing allonge was a material alteration precluding U.S. Bank from enforcing the note or that a genuine issue of material fact on the chain of assignments existed, either of which precludes summary judgment. Neither claim has merit.

**{¶14}** In opposition to the motion for summary judgment, the mortgagors attached an affidavit prepared by Teri L. Petit for an earlier foreclosure action. She opined, based on publicly available documents, that Washington Mutual Bank assigned the mortgage to Fannie Mae before JPMorgan Chase was assigned the mortgage. According to Petit, JPMorgan Chase and their attorneys attempted to use "this court" to defraud the mortgagors. In support of her affidavit, Petit relied on an unauthenticated printout in which Fannie Mae was listed as the investor for record bearing the identifier 1000589-0010210230-8 issued on March 22, 2005. The servicer of the note was identified as JPMorgan Chase Bank NA (WAMU). According to Petit, this demonstrated that JPMorgan Chase did not have an agency relationship with Fannie Mae and, therefore, that the document U.S. Bank submitted demonstrating the assignment of the

mortgage from JPMorgan Chase was a "forgery" and the law firm that filed the document in a court proceeding was in "contempt of court."

{¶15} Petit then concludes that because the mortgage was assigned to Fannie Mae, Fannie Mae was the true holder of the note. Petit's conclusion is legally erroneous even if Petit was qualified to render a legal opinion in this matter. In Ohio, it has been a long-standing maxim that the mortgage follows the note: "'the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered.'" *HSBC Bank USA, N.A. v. Thompson*, 2d Dist. Montgomery No. 23761, 2010-Ohio-4158, ¶ 80, quoting *U.S. Bank N.A. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032, ¶ 52 (7th Dist.).

{¶16} It is apparent that the mortgagors are confusing the distinction between the note and the mortgage in an attempt to create a genuine issue of material fact. "An action at law on a promissory note to collect a mortgage debt is separate and distinct from an action in equity to enforce the mortgage lien on the property." *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 35. "The person entitled to enforce the note pursuant to R.C. 1303.31 has standing to seek a personal judgment against the promisor on that obligation, while the mortgagee or its successor and assign has standing to foreclose on the mortgage." *Id.*

{¶17} In the appellate briefing, the mortgagors interchangeably use the terms "note" and "mortgage" when discussing any assignments. From the record presented, however, the trust was the holder of the note beginning in 2005 despite the assignments of the mortgage, which ultimately ended up with U.S. Bank as trustee of the trust. Thus, in claiming that Fannie Mae

was assigned the mortgage, the mortgagors are attempting to challenge the chain of assignments as it relates to the mortgage.

**{¶18}** The mortgagors failed to demonstrate that the unauthenticated printout demonstrated an assignment of the mortgage from Washington Mutual Bank to Fannie Mae. Even if we considered the unauthenticated document, the MERS "system report" contains no identifying information relating to the mortgage at issue, nor does it contain any date upon which conclusions can be drawn. Nevertheless, in Ohio, expert opinions must be based on admissible evidence and cannot be based on unauthenticated documents. Evid.R. 703. The affidavit does not create a genuine issue of material fact bearing on the chain of assignments of the mortgage.

**{¶19}** More important, this court has held that a mortgagor lacks standing to challenge an assignment of a mortgage if the mortgagor is neither a party to nor a third-party beneficiary of the assignment. *Bayview Loan Servicing, L.L.C. v. St. Cyr*, 8th Dist. Cuyahoga No. 104655, 2017-Ohio-2758, ¶ 40, citing *Bank of New York Mellon v. Froimson*, 8th Dist. Cuyahoga No. 99443, 2013-Ohio-5574, ¶ 17. This is so because even with allegations of an improper assignment, under Ohio law, the mortgage follows the note it secures. *Id*., citing *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 65. It is undisputed that the trust held the note at all times irrespective of the mortgage assignments.

**{¶20}** With respect to the allonge that is purportedly missing, the removal of an allonge and the substitution of the endorsement on the note and mortgage do not alter the borrowers' obligation under the instruments. *Bank of Am., N.A. v. Sweeney*, 8th Dist. Cuyahoga No. 100154, 2014-Ohio-1241, ¶ 22. Even if we accepted the mortgagors' allegations as true, the trial court did not err in granting summary judgment in favor of U.S. Bank. The mortgagors' obligations under the note were not affected by the alleged alteration.

**{¶21}** The mortgagors have not demonstrated any genuine issue of material fact. The second and fourth assignments of error are overruled.

**{¶22}** In the third assignment of error, the mortgagors claim the trial court erred in finding that U.S. Bank was entitled to enforce the lost note under R.C. 1303.38 because the verified statements presented on behalf of U.S. Bank were conclusory and made without reference to how the affiants obtained their knowledge or how the financial entities obtained possession of the note. In other words, the mortgagors are not challenging U.S. Bank's right to enforce the note, but instead, they take issue with the evidence in support of the summary judgment proceeding. In support, the mortgagors cite *Deutsche Bank Natl. Trust Co. v. Triplett*, 8th Dist. Cuyahoga No. 94924, 2011-Ohio-478, ¶ 17, and *Wilson v. Kasich*, 134 Ohio St.3d 221, 2012-Ohio-5367, 981 N.E.2d 814, ¶ 46.

**{¶23}** For the purposes of an affidavit, "'Personal knowledge' has been defined as 'knowledge gained through firsthand observation or experience, as distinguished from a belief based upon what someone else has said.'" *JP Morgan Chase Bank v. Stevens*, 8th Dist. Cuyahoga No. 104835, 2017-Ohio-7165, ¶ 32, quoting *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707. "[W]here an affiant attests that he or she has personal knowledge of the transaction, 'this fact cannot be disputed absent evidence to the contrary.'" *Id.*, quoting *Household Realty Corp. v. Henes*, 8th Dist. Cuyahoga No. 85916, 2007-Ohio-5846, ¶ 12-13. And, "'[t]here is no requirement that an affiant explain the basis for his personal knowledge where his personal knowledge can be reasonably inferred based on the affiant's position and other facts contained in the affidavit.'" *Id.* at 34, quoting *Nationstar Mtge., L.L.C. v. Perry*, 8th Dist. Cuyahoga No. 99497, 2013-Ohio-5024, ¶ 15.

**{¶24}** The mortgagors claim that the affidavits are conclusory and made without reference to how the affiants obtained their respective knowledge. Nothing demonstrates that the affiants lacked personal knowledge. When challenging an affiant's personal knowledge, the opposing party must present evidence to contradict the affiant's statement. The cases upon which the mortgagors rely support this notion.

**{¶25}** In *Triplett*, 8th Dist. Cuyahoga No. 94924, 2011-Ohio-478, at ¶ 16, for example, there was evidence that the plaintiff executed the assignment of the mortgage after filing the lawsuit, and thus lacked standing — the assignment was recorded after the lawsuit was filed. *Id.* The court concluded this demonstrated that a verified statement to the contrary was insufficient to demonstrate standing. *Id.* In this case, the mortgagors have not presented any evidence contradicting the affiants' statements for the purpose of calling into question their verified statements of having personal knowledge over the matters.

**{¶26}** The mortgagors' remaining citation, *Wilson*, 134 Ohio St.3d 221, 2012-Ohio-5367, 981 N.E.2d 814, at ¶ 46, is not applicable. In that case, the court was reviewing an expert's reliability as presented through an affidavit. The affidavits in support of the motion for summary judgment were executed by fact witnesses, and the reliability of their statements is not an issue — especially in consideration that we are reviewing the affidavits for the purposes of summary judgment and credibility is not an issue. As a result, the mortgagors have not demonstrated that the affidavits offered in support of summary judgment were not based on the affiants' personal knowledge. The trial court did not err in considering the affidavits, and the third assignment of error is overruled.

**{¶27}** The mortgagors have not demonstrated any reversible error, and the decree of foreclosure is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

TIM McCORMACK, P.J., and
MARY J. BOYLE, J., CONCUR