[Cite as *Cuyahoga Cty. Treasurer v. Heirs of Weisner*, 2022-Ohio-2668.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

TREASURER OF CUYAHOGA
COUNTY, OHIO,                          :

    Plaintiff-Appellee,           :
                                   No. 110868

    v.                            :

UNKNOWN HEIRS OF NANCY
WEISNER, ET AL.,                      :

    Defendants-Appellees,         :

[Appeal by PNC Bank, National
Association,                          :

    Defendant-Appellant.]         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 4, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-898896

---

### *Appearances:*

Thomas J. Sacerich, *for appellee* Gina Kosiewicz, Commissioner of the Estate of Nancy J. Weisner.

Sandhu Law Group, L.L.C., David T. Brady, Suzanne M. Godenswager, and Austin B. Barnes III, Jeffrey A. Panehal, *for appellant*.

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant PNC Bank, National Association, successor by merger to National City Bank ("PNC"), appeals the decision of the Cuyahoga County Court of Common Pleas, which distributed the excess proceeds of a tax foreclosure sale to appellee Gina Kosiewicz ("Kosiewicz"), commissioner of the Estate of Nancy J. Weisner ("Weisner"). After a thorough review of the record and applicable law, we affirm.

## I. Factual and Procedural History

{¶ 2} Treasurer of Cuyahoga County, Ohio ("Treasurer"), initiated this action against the unknown heirs of Weisner; Kosiewicz; the unknown spouse of Kosiewicz; and PNC seeking foreclosure of the property known as 9719 Plymouth Avenue in Garfield Heights, Ohio, to recover delinquent taxes in the amount of $2,117.06 plus all taxes, assessments, penalties, and interest. Weisner, the former owner of the property, died intestate on November 5, 2014.

{¶ 3} Service was effected on all named defendants, which included Kosiewicz and PNC.[1] No defendant answered or otherwise objected to the foreclosure. Subsequently, the magistrate issued a decree of foreclosure in favor of the Treasurer, and the trial court adopted it shortly thereafter.

{¶ 4} The property sold at a sheriff's sale for $25,000, and the trial court subsequently confirmed the sale. During the confirmation of sale, the proceeds were

---

[1] The decree of foreclosure specifically found that all necessary parties were properly served with the summons and complaint.

allocated as follows: Treasurer ($18,040.82); Cuyahoga County ($475); the Cuyahoga County Clerk of Courts ($679.75); and the Cuyahoga County Sheriff ($469.61). Pertinently, the confirmation of sale contained the following language:

> It is further ORDERED, ADJUDGED AND DECREED that the equity of redemption is extinguished and that any parties defendant owning or claiming any right, title, or interest in, or lien upon said parcel, together with such who may have right of dower, shall be and they are hereby forever barred from asserting any right, title or interest in, or lien upon the said parcel.

{¶ 5} Following distribution of the proceeds, the trial court ordered the clerk of courts to hold the remaining balance, totaling $6,854.79, for "cost and or future order of the court."

{¶ 6} Almost two years later, Kosiewicz moved to intervene in the case and asked the court to distribute the excess proceeds, asserting that the remaining proceeds of the sale should be distributed to the heirs of Weisner, the former owner of the subject property. The trial court granted the motion to intervene and gave any opposing party time to respond to Kosiewicz's claim to the excess proceeds.

{¶ 7} PNC filed a brief in opposition to Kosiewicz's motion to distribute the excess proceeds, along with its own motion to distribute the excess proceeds. PNC claimed that it was entitled to the full balance of the excess proceeds because Weisner owed $24,074.71 on an equity reserve agreement that was secured by a mortgage on the foreclosed property. PNC acknowledged that the mortgage lien on the property was extinguished but argued that it was still entitled to claim the excess proceeds. The trial court disagreed, finding:

Defendant PNC has moved for distribution of funds and has opposed Defendant Kosiewicz's Motion for Distribution. PNC held a mortgage on the property. PNC was joined on Plaintiff's marshaling of liens claim. Pursuant to this claim, PNC was required to assert its interest in the property or be barred from asserting an interest in the property in the future. *Zuckerman, Daiker & Lear Co. L.P.A. v. Signer,* (2009), 186 Ohio App.3d 686, 691. PNC did not, however, file an answer in this case to assert its mortgage and its mortgage was not transferred to the proceeds of sale. Accordingly, its mortgage was extinguished with the confirmation of sheriff's sale. *Deutsche Bank National Trust Co. v. Richardson,* (March 11, 2011), Darke App. No. 2010-CA-3 & 2010-CA-13, 2011-Ohio-1123. PNC has no interest in the property or the proceeds of sale. C.f. *Id.* PNC has not moved for or provided justification for relief from the confirmation order.

PNC may be entitled to attach the funds if it obtains a judgment on its note. *See* R.C. Sec. 2715.01(E) and R.C. Sec. 2716.11 Et. Seq*; See also West Chateau Condo Unit Owners Ass'n v. Zanders* (March 25, 2004), Cuyahoga App. No. 83298; 2004-Ohio-1450.

The parties motions for distribution are held in abeyance until 8-20-2021 to permit PNC an opportunity to pursue attachment. Thereafter, the court will address the motions for distribution.

{¶ 8} The docket indicates that PNC did not take any action after this journal entry. The trial court ultimately ordered the full distribution of the excess proceeds to Kosiewicz, finding that PNC failed to timely and properly assert its interest in the property prior to the sale, and then failed to seek attachment of the funds in the time provided by the court in its journal entry. The same day, the clerk issued the full $6,854.79 balance to Kosiewicz.

{¶ 9} Thereafter, PNC timely filed an appeal along with a motion requesting a stay of the distribution of proceeds. The trial court granted the stay and ordered the clerk to refrain from distributing the proceeds, seemingly unaware that the proceeds had already been distributed. Two days after the court's order, PNC moved

the court to order Kosiewicz to return the proceeds, which the trial court granted. On the same day, this court dismissed PNC's appeal as moot, finding that the stay was ineffective since the proceeds had already been distributed.

{¶ 10} PNC filed an application for reconsideration, arguing that because the trial court's order to return the funds was issued nearly concurrently with this court's dismissal, the circumstances of the appeal were changed. This court granted PNC's motion for reconsideration, and this appeal ensued. PNC raises one assignment of error for our review:

> The trial court erred when it unreasonably ordered distribution of excess proceeds from a foreclosure sale to the Commissioner of the Estate of Nancy Weisner over the motion to distribute excess proceeds from the foreclosure sale to PNC Bank, National Association, a creditor of the deceased.

## II. Law and Analysis

{¶ 11} In its sole assignment of error, PNC argues that the trial court erred in distributing the excess proceeds from the foreclosure sale to Kosiewicz instead of PNC.

{¶ 12} Claims for equitable relief are reviewed for an abuse of discretion. *Sandusky Properties v. Aveni*, 15 Ohio St.3d 273, 473 N.E.2d 798 (1984). A trial court abuses its discretion only if its decision is unreasonable, arbitrary, or unconscionable. *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 13; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "'A decision is unreasonable if there is no sound reasoning process that would support that decision.'" *Ockunzzi v. Smith*, 8th Dist. Cuyahoga

No. 102347, 2015-Ohio-2708, ¶ 9, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). An abuse of discretion may also be found where the trial court "'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *Ockunzzi* at ¶ 9, quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.).

{¶ 13} PNC argues that the trial court failed to utilize its equitable powers in distributing the excess proceeds, allowing the heirs of Weisner to enjoy a "windfall" while PNC is still owed $24,074.71 on the equity reserve agreement. Kosiewicz argues that PNC failed to obtain a judgment that would entitle it to the excess proceeds.

{¶ 14} The word "mortgage" encompasses a promissory note and a security instrument; the security instrument typically collateralizes real property as security for payment of the note. *Bank of N.Y. Mellon v. Primes*, 8th Dist. Cuyahoga No. 105678, 2018-Ohio-1833, ¶ 9. A creditor seeking to enforce a mortgage agreement has several remedies available. "Upon breach of condition of the mortgage agreement, a mortgagee has concurrent remedies. It may, at its option, sue in equity to foreclose, or sue at law directly on the note; or, bring an action in ejectment." *The Broadview S. &. L. Co. v. Crow*, 8th Dist. Cuyahoga Nos. 44690, 44691, and 45002, 1982 Ohio App. LEXIS 12139, 7 (Dec. 30, 1982). "'An action at law on a promissory note to collect a mortgage debt is separate and distinct from an action in equity to enforce the mortgage lien on the property.'" *United States Bank Natl. Assn. v.*

*Franko*, 2018-Ohio-687, 107 N.E.3d 142, ¶ 16 (8th Dist.), quoting *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 35.

{¶ 15} "'A foreclosure action is a civil action in equity.'" *Bank of Am. v. Rogers*, 8th Dist. Cuyahoga No. 107464, 2019-Ohio-1443, ¶ 14, quoting *Chem. Bank of N.Y. v. Neman*, 52 Ohio St.3d 204, 210, 556 N.E.2d 490 (1990). The foreclosure action in the instant matter concluded before PNC ever appeared. Despite being served at the onset of the foreclosure proceedings, PNC failed to answer or otherwise assert an interest. Doing so would have informed the trial court's foreclosure decree, including setting a minimum bid and allowing PNC to share in the distribution of the sale proceeds. PNC does not dispute that the confirmation of sale entered by the trial court on April 25, 2019, extinguished its interest in the property. Thus, PNC's opportunity to receive equitable relief was extinguished when the foreclosure proceedings concluded.

{¶ 16} PNC nonetheless argues that it is entitled to the proceeds, even though it never asserted its interest in the foreclosure action. This court has previously noted that in a foreclosure action, a junior lienholder who has defaulted is not entitled to share in any proceeds realized from the foreclosure sale because its default can be construed as a disclaimer of interest in the property. *Treasurer of Cuyahoga Cty. v. Unknown Heirs of William W. Russell, Jr.*, 8th Dist. Cuyahoga No. 110540, 2022-Ohio-309, ¶ 28, citing *State ex rel., U.S. Bank Trust Natl. Assn. v. Cuyahoga Cty.*, 8th Dist. Cuyahoga No. 110297, 2021-Ohio-2524, ¶ 11. In the instant matter, the tax lien was the lien of first priority and PNC was the junior

lienholder. Accordingly, PNC is not entitled to a share of the proceeds in the foreclosure action because they defaulted on the foreclosure action.

{¶ 17} We therefore find that the trial court did not abuse its discretion in finding that PNC's equitable interest in the foreclosure, including the proceeds, was extinguished in the April 25, 2019 confirmation of sale.

{¶ 18} PNC further argues that the trial court limited its ability to recover the proceeds by suggesting that PNC obtain a judgment, and then pursue attachment of that judgment, when this option was unavailable to PNC due to Weisner's death. We find that this argument is without merit.

{¶ 19} The trial court correctly determined that PNC, as the mortgager-creditor, was not without remedy even though its right to foreclosure and the foreclosure proceeds had been extinguished. As this court has previously stated, the equitable action in foreclosure is not synonymous with enforcing the legal obligation to pay the note. *U.S. Bank Natl. Assn. v. Robinson*, 8th Dist. Cuyahoga No. 105067, 2017-Ohio-5585, ¶ 7. Even though PNC was barred from pursuing the foreclosed property or the sale proceeds, the trial court properly determined that PNC could still pursue an action at law to enforce the equity reserve agreement by obtaining a judgment and seeking attachment of that judgment.

{¶ 20} PNC had the right to commence an action against Weisner for breach of the equity reserve agreement during her lifetime. As the mortgager-creditor, PNC had the options to sue in equity to foreclose, bring an action at law on the note, or

pursue ejectment. *Crow*, 8th Dist. Cuyahoga Nos. 44690, 44691, and 45002, 1982 Ohio App. LEXIS 12139, at 7.

{¶ 21} Moreover, even after Weisner died, PNC maintained an ability to collect from her estate. R.C. 2117.06. However, under Ohio law, claims against an estate must be presented within six months after the death of the decedent; if not presented, the claims "shall be forever barred as to all parties." R.C. 2117.06(C). Weisner passed away on November 5, 2014, and there is no evidence in the record that PNC made a claim against Weisner's estate in the six months following her death. Furthermore, there is no evidence in the record before us that PNC ever attempted to remedy the mortgagee-debtor's deficiency prior to attempting to collect these excess proceeds.

{¶ 22} PNC correctly notes that this court has recently allowed a creditor who defaulted on the foreclosure proceeding to share in the proceeds of a foreclosure sale. *Treasurer of Cuyahoga Cty. v. Berger Properties of Ohio*, 8th Dist. Cuyahoga No. 110233, 2021-Ohio-3204. However, in *Berger*, the defaulting creditor introduced a valid judgment against the debtor. Since the mortgager-creditor in *Berger* had a valid and enforceable judgment against the debtor, the mortgager-creditor possessed a legal right to enforce the judgment against the debtor, and thus, the creditor was allowed to share in the proceeds that would have otherwise been distributed to the debtor. In the instant matter, PNC has not introduced a valid judgment on the equity reserve agreement into the record. The trial court afforded PNC the opportunity to obtain said judgment because doing so would give PNC a

legal right to the excess proceeds even though its equitable right was extinguished. It is no fault of the trial court that PNC did not obtain a judgment either during Weisner's lifetime or during the statutory time allotted to bring a claim against her estate.

{¶ 23} The trial court's suggestion that PNC obtain a judgment and seek attachment of the judgment is supported by law. The trial court correctly determined that PNC, as the mortgager-creditor, possessed an additional remedy and gave PNC a chance to pursue it. We cannot say that the trial court erred in suggesting that PNC obtain a judgment and seek attachment of that judgment because this was a valid option for PNC. PNC has not demonstrated that the trial court abused its discretion or erred in any manner; rather, PNC simply failed to obtain a judgment in a timely fashion and is consequently not entitled to the proceeds.

### III. Conclusion

{¶ 24} The trial court did not err in denying PNC's motion to distribute excess funds and awarding the funds to Kosiewicz. PNC's sole assignment of error is overruled.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____

FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
MARY J. BOYLE, J., CONCUR