[Cite as *Cuyahoga Cty. Treasurer v. Unknown Heirs of Russell*, 2023-Ohio-1976.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TREASURER OF
CUYAHOGA COUNTY, OHIO,                :

     Plaintiff-Appellee,               :

                             No. 112099

     v.                                :

UNKNOWN HEIRS OF
WILLIAM W. RUSSELL, JR., ET AL.,      :

     Defendants-Appellants.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 15, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-921584

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Edmund G. Tallos, Assistant Prosecuting Attorney — Tax Foreclosure, *for appellee*.

Carlisle, McNellie, Rini, Kramer & Ulrich, Co., LPA, and Eric T. Deighton, *for appellants*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendants-appellants, Deutsche Bank National Trust Company ("Deutsche Bank"), appeals from the trial court's judgment denying its motion for

distribution of excess sale proceeds of a tax-foreclosure sale. Deutsche Bank raises the following assignment of error for review:

> The trial court abused its discretion in denying appellant's motion for distribution of excess sale proceeds on deposit, where no other party has made application for those proceeds in the two years they have been on deposit.

{¶ 2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶ 3} On September 17, 2019, plaintiff-appellee, the Treasurer of Cuyahoga County, Ohio ("Treasurer"), filed a real estate tax foreclosure complaint against William W. Russell, Jr.[1] seeking to foreclose a property located at 3105 W. 100th Street, Cleveland ("the property") due to a failure to pay the real-estate taxes for several years. The complaint also named as defendants Susan L. Bon, Morgan W. Russell, Chase W. Russell, unknown heirs of William W. Russell, Jr., as well as the mortgage holder of the property, Deutsche Bank, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W3. The complaint requested that the defendants "be required to set up their liens or claims or be forever barred" from asserting any claims against the property.

{¶ 4} Service was made on all named defendants. None of the defendants, including Deutsche Bank, answered or otherwise appeared in the foreclosure action. Following a hearing held on February 20, 2020, the magistrate issued a decision

---

[1] A certificate of death for William W. Russell, Jr. attached to the complaint identifies a date of death of March 31, 2014, for William W. Russell, Jr.

awarding the Treasurer with a decree of foreclosure. The magistrate reiterated in its decision that all necessary parties had been duly served with the summons and complaint.

{¶ 5} On March 17, 2020, the trial court adopted the magistrate's decision, issuing a decree of foreclosure and ordering that, upon the filing of the entry of confirmation of sale, the title to the parcel shall be free and clear of all liens and encumbrances.

{¶ 6} On December 4, 2020, the trial court issued an order for the property to be sold at a sheriff's sale. On January 6, 2021, the property was sold for $47,100.

{¶ 7} On January 29, 2021, the trial court confirmed the sale. After a deduction of taxes ($15,711.40) and costs involved in the sale, there was $28,876.99 remaining in the sale proceeds, held by the clerk of courts pending further order of the trial court. In relevant part, the confirmation of sale contained the following language:

> It is further ORDERED, ADJUDGED AND DECREED that the equity of redemption is extinguished and that any parties defendant owning or claiming any right, title, or interest in, or lien upon said parcel, together with such who may have right of dower, shall be and they are hereby forever barred from asserting any right, title or interest in, or lien upon the said parcel.

{¶ 8} On April 22, 2021, Real Time Resolutions, Inc. ("Real Time") became successor in interest to Deutsche Bank by virtue of a "Corporate Assignment of Mortgage." On May 6, 2021, Real Time filed a "Motion to Intervene and For

Distribution of Excess Sale Proceeds on Deposit," arguing that it was permitted to intervene pursuant to Civ.R. 24(A)(2) and 24(B)(2) as the assignee of the mortgage.

{¶ 9} On May 25, 2021, the trial court denied Real Time's motion, stating:

Real Time's motion to intervene and for distribution of excess sale proceeds on deposit * * * is denied. Said party's predecessor in interest, defendant Deutsche Bank, was properly named and served and was required to answer and set up any claim that it may have to the [subject] property or be barred. Said party failed to do so and the court found it to be in default and ruled against it along with all other non-answering parties. The Ohio Supreme Court has held that a lienholder that is named as a defendant in a foreclosure action, but fails to answer, is barred from raising its interest thereafter as long as the plaintiff alleged that the defendant claims some interest in the party and advises the defendant that its claims will be barred if the defendant fails to appear and disclose it. * * * Therefore, defendant Deutsche Bank and its successors, Real Time, are barred from sheriff sale proceeds.

{¶ 10} Real Time appealed the trial court's decision, arguing the trial court abused its discretion in denying its motion to intervene and for distribution of excess sale proceeds on deposit without a hearing. Real Time maintained that it was entitled to intervene in this tax-foreclosure case as a matter of right pursuant to Civ.R. 24(A)(2).

{¶ 11} On February 3, 2022, this court affirmed the trial court's judgment, finding the trial court did not abuse its discretion in denying Real Time's motion to intervene and for distribution of excess sale proceeds on deposit. *Treasurer of Cuyahoga Cty. v. Unknown Heirs of William W. Russell, Jr.*, 8th Dist. Cuyahoga No. 110540, 2022-Ohio-309 ("*Russell I*").

{¶ 12} Following this court's decision in *Russell I*, Real Time reassigned the subject mortgage to Deutsche Bank on May 19, 2022. On October 14, 2022,

Deutsche Bank filed a motion for distribution of excess funds. Deutsche Bank argued that as holder of the subject note and mortgage, it would suffer irreparable harm if the trial court "denied Deutsche Bank its opportunity to have its debt paid from the excess sheriff's sale proceeds being held by the court." The motion was supported by the affidavit of David Rosas ("Rosas"), the director of loss mitigation for Real Time. In pertinent part, Rosas incorporated copies of the subject note and mortgage and averred that Deutsche Bank was owed a principal balance in the amount of $95,868.24, plus interest, late charges, and all sums advanced for the payment of real-estate taxes, assessments, insurance premiums, and property protection.

{¶ 13} The trial court denied the motion on November 2, 2022. Consistent with its prior judgment, the trial court stated, in relevant part:

> Defendant # 3 Deutsche Bank's motion for distribution of excess sale proceeds on deposit * * * is denied. Said party was properly named and served and was required to answer and set up any claim that it may have to the [subject] property or be barred. Said party failed to do so and the court found it to be in default. The Ohio Supreme Court has held that a lienholder that is named as a defendant in a foreclosure action, but fails to answer, is barred from raising its interest thereafter as long as the plaintiff alleged that the defendant claims some interest in the property and advises the defendant that its claims will be barred if the defendant fails to appear and disclose it. * * * Therefore, defendant #3 Deutsche Bank is barred from sheriff sale proceeds.

{¶ 14} Deutsche Bank now appeals from the trial court's judgment.

## II. Law and Analysis

{¶ 15} In the sole assignment of error, Deutsche Bank argues the trial court abused its discretion by denying its motion for distribution of excess sale proceeds.

Deutsche Bank contends "the trial court should have exercised its equitable powers to see that Deutsche Bank was not denied its opportunity to have its debt paid from the excess proceeds of the sheriff's sale."

{¶ 16} As commonly used, the word "mortgage" encompasses two separate instruments: a promissory note and a security instrument. *Bank of N.Y. Mellon v. Primes*, 8th Dist. Cuyahoga No. 105678, 2018-Ohio-1833, ¶ 9. The security instrument makes the real property the collateral securing performance on the note. *Id.* A creditor seeking to enforce a mortgage agreement has several remedies available. "Upon breach of condition of the mortgage agreement, a mortgagee has concurrent remedies. It may, at its option, sue in equity to foreclose, or sue at law directly on the note; or, bring an action in ejectment." *The Broadview S. &. L. Co. v. Crow*, 8th Dist. Cuyahoga Nos. 44690, 44691, and 45002, 1982 Ohio App. LEXIS 12139, 7 (Dec. 30, 1982). Relevant to this appeal, "'[a]n action at law on a promissory note to collect a mortgage debt is separate and distinct from an action in equity to enforce the mortgage lien on the property.'" *United States Bank Natl. Assn. v. Franko*, 2018-Ohio-687, 107 N.E.3d 142, ¶ 16 (8th Dist.), quoting *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 35.

{¶ 17} In this case, there is no dispute that Deutsche Bank failed to answer or otherwise assert an interest in the subject property during the underlying foreclosure action. It is also undisputed that the confirmation of sale entered by the trial court on January 29, 2021, extinguished Deutsche Bank's interest in the subject real property. Nevertheless, Deutsche Bank argues that because it has provided

uncontradicted evidence to establish the amount due on the note, and because there are no other parties asserting an interest in the excess funds, the trial court abused its discretion in denying its motion without considering the equitable aspects of its request.

{¶ 18} Claims for equitable relief are reviewed for an abuse of discretion. *Sandusky Properties v. Aveni*, 15 Ohio St.3d 273, 473 N.E.2d 798 (1984). A trial court abuses its discretion only if its decision is unreasonable, arbitrary, or unconscionable. *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 13; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "'A decision is unreasonable if there is no sound reasoning process that would support that decision.'" *Ockunzzi v. Smith*, 8th Dist. Cuyahoga No. 102347, 2015-Ohio-2708, ¶ 9, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). An abuse of discretion may also be found where the trial court "'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *Ockunzzi* at ¶ 9, quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.).

{¶ 19} After careful consideration, we find no merit to Deutsche Bank's position on appeal. As stated, this court previously affirmed the trial court's denial of Real Time's motion to intervene and request for excess sale proceeds because its predecessor in interest, Deutsche Bank, had no interest in the proceeds of the

sheriff's sale as the defaulting junior lienholder. This court explained its conclusion

as follows:

> The trial court was correct that Deutsche Bank's mortgage interest in the property was extinguished with the confirmation of the sheriff's sale. *See, e.g., Deutsche Bank Natl. Trust Co. v. Richardson*, 2d Dist. Darke Nos. 2010-CA-3 and 2010-CA-13, 2011-Ohio-1123, ¶ 21. Real Time was assigned Deutsche Bank's mortgage in the property months after the confirmation of the sale, i.e., after Deutsche Bank's mortgage interest had been extinguished, and therefore, Real Time, as its successor in interest, cannot claim any interest to be protected by Civ.R. 24(A)(2) through a motion to intervene.
>
> Real Time acknowledged in its motion to intervene that "Real Time is not trying to assert any interest in the real property which was the subject of this case; the time for doing so has long passed." Real Time asserted instead that it was asserting an interest in the excess sheriff's sale funds.
>
> In this regard, this court has recently noted that "a defaulting junior lienholder is not entitled to share in any proceeds realized from a foreclosure sale because, in the absence of other indications in the complaint, its default can be construed as a disclaimer of interest in the property." *State ex rel., US Bank Trust Natl. Assn. v. Cuyahoga Cty.*, 8th Dist. Cuyahoga No. 110297, 2021-Ohio-2524, ¶ 11, citing *Zukerman, Daiker & Lear Co., L.P.A. v. Signer*, 186 Ohio App.3d 686, 2009-Ohio-968, 930 N.E.2d 336, ¶ 34 (8th Dist.), and *Settlers Bank v. Burton*, 4th Dist. Washington Nos. 12CA36 and 12CA38, 2014-Ohio-335, ¶ 31. *Because Deutsche Bank — the defaulting junior lienholder whose lien was subordinate to the tax lien — has no interest in the proceeds of the sheriff's sale, Real Time, as its successor, cannot claim any interest in the proceeds either.* Consequently, the trial court did not abuse its discretion in denying Real Time's motion to intervene.

(Emphasis added.) *Russell I*, 8th Dist. Cuyahoga No. 110540, 2022-Ohio-309 at

¶ 26-28. *See also Lexington Ridge Homeowners Assn. v. Schlueter*, 9th Dist.

Medina No. 10CA0087-M, 2013-Ohio-1601, ¶ 20-21; *Provident Bank v. Murray*, 2d

Dist. Greene No. 84-CA-25, 1984 Ohio App. LEXIS 12010 (Dec. 11, 1984);

*Winemiller v. Laughlin*, 51 Ohio St. 421, 38 N.E. 111 (1894), paragraph two of the syllabus.

{¶ 20} Although the panel in *Russell* I declined to address Real Time's equitable arguments for the first time on appeal, we find the panel's determination that Deutsche Bank has no interest in the sale proceeds of the sheriff's sale is relevant to issues of equity raised in the present appeal.

{¶ 21} On appeal, Deutsche Bank correctly states that "[a] foreclosure action is a civil action in equity." *Bank of Am. v. Rogers*, 8th Dist. Cuyahoga No. 107464, 2019-Ohio-1443 ¶ 14. In this case, however, the foreclosure action concluded before Deutsche Bank ever appeared. *See Treasurer of Cuyahoga Cty. v. Unknown Heirs of Weisner*, 2022-Ohio-2668, 194 N.E.3d 451, ¶ 15 (8th Dist.). It therefore follows that Deutsche Bank's "opportunity to receive equitable relief was extinguished when the foreclosure proceedings concluded." *Id.* at ¶ 15. In reaching this conclusion, we reiterate that "the equitable action in foreclosure is not synonymous with enforcing the legal obligation to pay the note." *Id.* at ¶ 19, citing *U.S. Bank Natl. Assn. v. Robinson*, 8th Dist. Cuyahoga No. 105067, 2017-Ohio-5585, ¶ 7. Because Deutsche Bank's mortgage interest had been extinguished, and the record is devoid of any indication that Deutsche Bank exercised its legal right to seek a timely judgment on the subject note, we reject Deutsche Bank's attempt to conflate the equitable principles of foreclosure with the factual circumstances presented in this case. *Id.* ("Even though PNC was barred from pursuing the foreclosed property or the sale proceeds, the trial court properly determined that PNC could still pursue an action

at law to enforce the equity reserve agreement by obtaining a judgment and seeking attachment of that judgment.").

{¶ 22} Relatedly, we note that while Deutsche Bank has repeatedly referenced the court's "broad equitable powers" and has characterized its requested relief as an "equitable lien" or an attempt to receive "equitable relief," Deutsche Bank has not presented any legal or factual arguments to suggest it can satisfy the necessary elements for an equitable lien. *See Michael v. Miller*, Slip Opinion No. 2022-Ohio-4543, ¶ 26-28 (defining the elements required to establish an equitable lien). Its arguments are limited to the equitable principles of foreclosure. Under these circumstances, we decline to make arguments on behalf of Deutsche Bank or otherwise consider an issue that was not expressly raised before the trial court. App.R. 16(A)(7).

{¶ 23} Finally, we recognize that this court has previously allowed a creditor who defaulted in a foreclosure proceeding to share in the proceeds of a foreclosure sale. *Treasurer of Cuyahoga Cty. v. Berger Properties of Ohio L.L.C.*, 8th Dist. Cuyahoga No. 110233, 2021-Ohio-3204. However, in *Berger*, the defaulting creditor introduced a valid judgment against the debtor in the amount in excess of $7.8 million. Since the mortgagor-creditor in *Berger* had a valid and enforceable judgment against the debtor, the mortgagor-creditor possessed a legal right to enforce the judgment against the debtor. Thus, the creditor was allowed to share in the proceeds that would have otherwise been distributed to the debtor. As mentioned, however, Deutsche Bank has not presented any documentary evidence

to suggest that it obtained a valid judgment on the subject note. In the absence of a valid judgment in favor of Deutsche Bank, we find *Berger* to be unpersuasive. *See Weisner*, 2022-Ohio-2668, 194 N.E.3d 451, at ¶ 22 (8th Dist.) (holding the same). As articulated by this court in *Weisner*, Deutsche Bank, through no fault of the trial court, "simply failed to obtain a judgment in a timely fashion and is consequently not entitled to the proceeds." *Id*. at ¶ 22- 23.

{¶ 24} Based on the foregoing, we are unable to conclude that the trial court abused its discretion in denying Deutsche Bank's motion for distribution of excess funds.

{¶ 25} The sole assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
MARY J. BOYLE, J., CONCUR