[Cite as *Cuyahoga Cty. Treasurer v. Henen*, 2024-Ohio-2263.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| TREASURER OF CUYAHOGA COUNTY, | : | |
| Plaintiff, | : | No. 112983 |
| v. | : | |
| NADRA HENEN, ET AL., | : | |
| Defendants-Appellants. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 13, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-951875

---

### *Appearances:*

John B. Ertle, Jr., *for appellee* Nadra Henen.

Donald Butler and Samuel R. Smith, II, *for appellant* Rezwan Riaz.

LISA B. FORBES, P.J.:

{¶ 1} Defendant-appellant Rezwan Riaz ("Riaz") appeals the trial court's June 28, 2023 judgment entry overruling his objections to the magistrate's May 17, 2023 decision as well as the trial court's July 12, 2023 judgment entry adopting the

magistrate's May 17, 2023 decision. After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶ 2} On August 19, 2021, plaintiff, the Treasurer of Cuyahoga County ("Treasurer"), filed suit against defendant-appellee Nadra Henen ("Henen") and Riaz for the collection of delinquent taxes, assessments, penalties, and interest, and requested foreclosure and equitable relief. The complaint alleged that $24,564.87 was due in unpaid taxes for the premises located at 6006 Detroit Avenue, Cleveland, OH 44102, which consists of four combined parcels of real estate ("the property").[1] The county auditor identified the parcels as permanent parcel numbers 002-12-025, 002-12-026, 002-12-027, and 002-12-028. A building on the property contained two units, one is a convenience store and the other a shuttered laundromat.

{¶ 3} On September 8, 2021, Riaz filed an answer to the complaint denying the allegations. On June 13, 2022, by joint stipulation of the parties, Henen filed her answer to the complaint and filed cross-claims against Riaz for foreclosure and breach of contract. On July 13, 2022, after he was granted leave from the trial court, Riaz filed counterclaims against Henen for breach of contract and fraud, and requested a partition of the property.

---

[1] The land contract in dispute in this case states that the address of the property is 5910 and 5908 Detroit Road. The parties, in their testimony, refer to the property as 5910 and 5908 Detroit Road. Nonetheless, the guaranteed evidence of title filed by the Treasurer in this matter identifies the property as 6006 Detroit Road.

**{¶ 4}** On July 15, 2022, a hearing was held where the magistrate found that the Treasurer was entitled to a decree of foreclosure on the premises. In the same order, the magistrate stated the parties entered into a payment plan and that as long as payments were made, the Treasurer would refrain from ordering the property to sale. The record indicates that monthly payments were made by Henen from July 2022 to April 2023. On July 27, 2023, the Treasurer filed a motion requesting the trial court vacate its judgment of foreclosure and dismiss its case because Henen had redeemed the parcel by making payment in full. The trial court granted the Treasurer's motion on July 28, 2023, vacating its decree of foreclosure and dismissing the Treasurer's complaint without prejudice.

## A. Trial Testimony and Evidence

**{¶ 5}** On May 1, 2023, the magistrate held a bench trial regarding Henen's cross-claims and Riaz's counterclaims. Both Henen and Mohammad Riaz ("Mohammad"), father of Riaz, testified, and exhibits were submitted into evidence. The land-installment contract ("the Contract"), which is at the center of this dispute, was admitted into evidence as stipulated exhibit A. The following are the undisputed terms of the agreement: On January 24, 2018, Riaz signed the Contract with Henen where Riaz agreed to pay $700,000 for the property with a $300,000 down payment and the remaining $400,000 was to be paid in 60 monthly installments of $6,666.67. The monthly payments were to begin a year after the down payment was made. The Contract also stated that Riaz agreed to pay an additional $10,000 to Henen for "delinquent property taxes owed to the Cuyahoga County Treasurer."

{¶ 6} Pursuant to the terms of the Contract, Riaz was not initially entitled to possession of the whole property. Riaz was entitled to possession of the laundromat portion of the property after making the down payment. Henen retained exclusive use of the convenience store half of the property until Riaz made the first monthly payment, after which Riaz was entitled to possession of the whole property. Under the Contract, Henen was responsible for all past due taxes, utilities, and other outstanding debts owed prior to finalizing the sale and satisfying all tax liens, loans, and debts owed at the time of the signing of the Contract.

{¶ 7} The Contract provides that, in the event of any default that results in Henen filing a foreclosure to enforce the Contract, she would be entitled to "proceeds of the judicial sale up to an amount equal to the unpaid balance on the Land Contract plus ten percent (10%) per annum computed from the date of such default, together with all costs, attorney's fees, and such other charges as maybe provided by the terms of the Contract."

### 1. Henen's Trial Testimony

{¶ 8} At trial, Henen testified that she signed the Contract with Riaz. According to Henen, the Contract required Riaz to pay a $300,000 down payment for the property. Henen testified that Riaz had agreed to pay an additional $5,000 for personal property pursuant to a second contract, which was never introduced into evidence. Henen testified that Riaz paid the $300,000, but never paid the $5,000. Henen also testified, contrary to the terms of the Contract, that Riaz agreed to pay $10,000, not for delinquent taxes, but instead to lease the laundromat

equipment that was located in the laundromat section of the property. Henen testified that Riaz was to pay six monthly payments totaling $10,000 to lease the laundromat equipment and after the last payment he would own the equipment. Henen testified that she never received the $5,000 or $10,000 payment from Riaz.

{¶ 9} Regarding the monthly payments on the $400,000 principal, Henen testified that Riaz made monthly payments pursuant to the Contract. However, Henen alleged Riaz was late on numerous payments and Henen sought to apply a ten percent late fee to these payments per the terms of the Contract. Henen also testified that four monthly payments in 2019 were never made. She sought payment of those missing monthly installments.

{¶ 10} Regarding the property taxes, at trial the parties stipulated to the fact that as of February 13, 2018, shortly after executing the Contract, there were no outstanding taxes due on the property. Henen testified that a tax delinquency developed over the years after the Contract was executed, which resulted in the foreclosure action brought by the Treasurer. Henen testified that she entered into a payment plan for the Treasurer to pay the taxes, even though she believed, under the Contract, Riaz was responsible for the taxes. According to the stipulated exhibit No. 1, Henen paid $38,002.87 to the Treasurer for taxes that she claimed were the responsibility of Riaz pursuant to the Contract. Henen sought recovery for this amount.

{¶ 11} Henen also testified that under the Contract, Riaz was required to pay the utilities, including water and sewage. She presented evidence in exhibit K

that the most recent outstanding water bill was for $1,123.40 and the outstanding sewer bill was for $1,903.61. Henen testified that these bills are outstanding and Riaz's responsibility.

{¶ 12} Henen testified that under the Contract, Riaz owes her $136,004.23 consisting of missed monthly payments, taxes that she paid that Riaz was responsible for, late fees, interest, utilities, as well as her attorney's fees.

### 2. Mohammad Riaz's Testimony

{¶ 13} Mohammad testified that he paid Henen $300,000 for the down payment, part of which included a separate $5,000 payment that he alleged Henen required to pay off the Ohio Lottery shortage in her bank account.

{¶ 14} Mohammad also testified that he paid roughly $9,700 to the Treasurer, pursuant to the agreement that required him to pay $10,000 for delinquent taxes. He provided no explanation for why he did not pay the full $10,000 or why he paid the Treasurer, instead of Henen as the Contract required. The stipulated exhibit No. 1 shows that Mohammad made a payment of $9,793.75 to the Treasurer.

{¶ 15} Regarding the property taxes, according to Mohammad, Riaz was not responsible for the property taxes until Riaz had possession of the property, which Mohammad testified did not occur until March 2019. Mohammad admitted that the Contract does not expressly state Riaz was not required to pay taxes until he got possession. As a result, Riaz did not pay the property taxes in 2018 at all. Mohammad testified that he made the first payment on the property taxes in March

2019, for the first half of 2019, less February and January. Mohammad testified that when Riaz got possession he paid the property taxes for the second half of 2019 and the whole year for 2020, 2021, 2022, and 2023.

{¶ 16} Regarding the monthly payments, Mohammad testified he made the first monthly payment in February 2019 paying $6,666.67 pursuant to the terms of the Contract. He testified that he never missed a monthly payment to Henen and that all his payments were on time. He contradicts his testimony by also testifying that he stopped making payments for three months in 2019 when he learned there was a mortgage on the property. He testified that once Henen paid off the mortgage, he made the missing payments, less $1,000 that he had to pay for a lawyer consultation concerning the outstanding mortgage. It is undisputed that stipulated exhibit No. 2 shows that at the time of trial there were 51 monthly payments due under the Contract, Riaz had made 49 payments, and as such three payments remained outstanding at the time of trial. Regarding future payments, Mohammad testified that he believed Riaz had nine monthly payments remaining at the time of trial that totaled $60,000.03. Despite the missing payments identified in stipulated exhibit No. 2, Mohammad testified that Riaz is up to date on his monthly payments.

{¶ 17} Mohammad acknowledged that under the Contract, Riaz was required to pay the utilities on the property. He testified that Riaz has been paying the utilities, including electric, water, and sewer. He acknowledged that the water bill was behind and that it is not Henen's responsibility. Mohammad did not dispute

that the water or sewer bills in exhibit K were outstanding and that Riaz was responsible for them.

## B. Magistrate's Decision

{¶ 18} After trial, the magistrate issued a decision where he made findings of fact and conclusions of law. The magistrate found as a matter of law that Riaz breached the Contract in this case in several instances:

He failed to pay $10,000 to Ms. Henen for taxes at the outset of the contract, instead paying $9,793.75 to the Treasurer;

He failed to pay his full share of taxes on the property, causing the Treasurer to file this case and causing Ms. Henen to pay the Treasurer $38,002.87 for taxes that were not her responsibility;

He made only 49 of the 51 monthly payments due between the date he was obligated to make payments and the eve of trial;

He failed to timely pay the most recent water and sewer bills.

{¶ 19} Based on Riaz's multiple defaults under the Contract, the magistrate issued judgment in favor of Henen against Riaz on her claim for foreclosure and awarded Henen $128,763.26 in damages, consisting of $38,002.87 for the real estate taxes she paid that Riaz was responsible for, $1,123.40 in water charges, $1,903.61 in sewer charges, $14,333.34 in missed monthly payments, $60,000.03 in future monthly payments, $2,000.01 in late fees, and $11,400 in attorney fees. The magistrate found that Riaz has a vendee lien on the property in the amount of $701,733.07, which included monthly payments he made towards the purchase of the property and tax payments from 2019 to the date of trial. The magistrate ordered judgment in favor of Riaz on Henen's breach-of-contract claim. Last, the

magistrate ordered judgment in favor of Henen against Riaz's counterclaims for breach of contract, fraud, and partition.

{¶ 20} The magistrate ordered foreclosure of the premises and ordered the sale to be distributed first to the clerk of courts for costs, second to the Treasurer for any taxes, then:

> THIRD: To defendant Rezwan Riaz $701,733.07, representing his vendee's lien;
>
> FOURTH: To defendant Nadra Henen $128,763.26 plus interest thereon at the rate of 10% per annum from January 27, 2018
>
> FIFTH: The balance of the sale proceeds, if any, to defendant Rezwan Riaz.

{¶ 21} On May 31, 2023, Riaz filed timely objections to the magistrate's decision. Riaz objected to the decision on the basis that the magistrate's conclusions of law and order were contrary to the law and were not equitable as a matter of law. Riaz requested the court take additional evidence to properly evaluate the magistrate's conclusions of law. Specifically, Riaz objected to the magistrate's decision finding he had materially breached the Contract on multiple occasions. Riaz argued that the breaches found by the magistrate were nominal and that the doctrine of substantial performance should have been applied. Riaz also argued that the magistrate's decision improperly decreed there was no equity of redemption in violation of R.C. 2329.33. On June 28, 2023, the trial court, having considered Riaz's objections, overruled his objections and adopted the magistrate's decision in its entirety.

**{¶ 22}** Riaz appeals from the trial court's June 28, 2023 order overruling his objections and the trial court's July 12, 2023 order adopting the magistrate's May 17 2023 decision in its entirety. On appeal Riaz raises three assignments of error for this court to review:

> ASSIGNMENT OF ERROR NO. 1: The Trial Court erred in granting foreclosure in favor of Defendant-Appellee Nadra Henan and against Defendant-Appellant Rezwan Riaz because Defendant-Appellant Rezwan Riaz's breaches were nominal and not material in nature.
>
> ASSIGNMENT OF ERROR NO. 2: The Trial Court erred in granting Defendant-Appellee Nadra Henan the right of foreclosure which constituted an inequitable remedy which in turn resulted in an inequitable harm against Defendant-Appellant Rezwan Riaz.
>
> ASSIGNMENT OF ERROR NO. 3: The Trial Court erred in denying Defendant-Appellant Rezwan Riaz's claim for breach of contract, claim of fraud and claim of partition.

## II. LAW AND ANALYSIS

### A. Riaz's First Assignment of Error

**{¶ 23}** Riaz's first assignment of error alleges the trial court erred in granting Henen's foreclosure claim. Specifically, Riaz argues that his breaches of the Contract found by the magistrate were nominal and not material, such that the doctrine of substantial performance should be applied.

**{¶ 24}** "A 'material breach of contract' is a failure to do something that is so fundamental to a contract that the failure to perform defeats the essential purpose of the contract or makes it impossible for the other party to perform." *Westlake v. VWS, Inc.*, 8th Dist. Cuyahoga No. 100180, 2014-Ohio-1833, ¶ 29, quoting *Marion*

*Family YMCA v. Hensel,* 178 Ohio App.3d 140, 2008-Ohio-4413, 897 N.E.2d 184,

¶ 7 (3d Dist.).  Under Ohio law

> [w]hether a breach of contract is material is a question of fact that requires the assessment of a number of factors, including (a) the extent to which the injured party is deprived of an expected benefit, (b) whether he can be compensated for the deprivation without terminating the contractual relationship, (c) whether terminating the relationship will cause the breaching party to suffer forfeiture, (d) whether the breaching party is willing or able to cure the breach, and (e) whether the breaching party's conduct is consistent with standards of good faith and fair dealing.

*Ahmed v. Univ. Hosps. Health Care Sys.*, 8th Dist. Cuyahoga No. 79016, 2002-Ohio-1823, ¶ 41; *see also Artistic Carpet Warehouse, Inc. v. King*, 8th Dist. Cuyahoga No. 109638, 2021-Ohio-84, ¶ 39, quoting *O'Brien v. Ohio State Univ.*, 10th Dist. Franklin No. 06AP-946, 2007-Ohio-4833, ¶ 11 (whether a breach is material is generally a question of fact).

{¶ 25} However, "[w]hen the facts presented in a case are undisputed, whether they constitute a performance or a breach of the contract, is a question of law for the court." *Luntz v. Stern*, 135 Ohio St. 225, 237, 20 N.E.2d 241 (1939).  Here, the pertinent facts concerning the breaches are undisputed, so this court reviews whether the contract was breached de novo.  If a breach occurred, this court must apply the above factors to determine if said breach was material.  *Carter v. CPR Staffing, Inc.*, 8th Dist. Cuyahoga No. 94671, 2010-Ohio-6026, ¶ 11, citing *Latina v. Woodpath Dev. Co.*, 57 Ohio St.3d 212, 214, 567 N.E.2d 262 (1991) ("[w]e review breach of contract claims under a de novo standard.").

{¶ 26} "'Substantial performance of a contract is interpreted to mean that mere nominal, trifling, or technical departures are not sufficient to break a contract, and that slight departures, omissions and inadvertencies should be disregarded.'" *Cleveland Neighborhood Health Servs., Inc. v. St. Clair Builders, Inc.*, 64 Ohio App.3d 639, 644, 582 N.E.2d 640, 644 (8th Dist.1989), quoting *Kichler's, Inc. v. Persinger*, 24 Ohio App.2d 124, 126, 265 N.E.2d 319 (1st Dist.1970), citing *Ashley v. Henahan*, 56 Ohio St. 559, 47 N.E. 573 (1897). A party substantially performs when such performance does not result in any wrongful substantial injury to the other side. *Ohio Farmers Ins. Co. v. Cochran*, 104 Ohio St. 427, 434, 135 N.E. 537 (1922).

{¶ 27} On appeal, Riaz does not dispute the terms of the Contract, nor does he dispute that he breached the Contract several times. Instead, he argues that his breaches of the Contract were not material and that the doctrine of substantial performance applies. We disagree.

{¶ 28} While the court below found four instances where Riaz breached the Contract, this court need only find one of the breaches to be material for Henen's foreclosure claim to be proper. *Artistic Carpet Warehouse, Inc.*, 8th Dist. Cuyahoga No. 109638, 2021-Ohio-84, at ¶ 39; *Citibank, N.A. v. Katz*, 8th Dist. Cuyahoga No. 98753, 2013-Ohio-1041, ¶ 17.

{¶ 29} A de novo review of the Contract demonstrates that Henen was explicitly responsible for all past taxes and utilities prior to signing the Contract: "[i]t is also understood between the parties that [Henen] continues to be responsible for all past due taxes, utilities and any other outstanding debts owed on the real

property and/or business prior to the finalizing of the sale." The Contract does not however, explicitly state who is responsible for the taxes and utilities after Henen. Interpreting the Contract, the magistrate found that the parties intended the responsibility for the taxes and utilities on the property to shift from Henen to Riaz as follow:

One half of the taxes from January 24, 2018, to January 24, 2019;
All of the taxes thereafter; and
All of the utilities after January 24, 2018.

{¶ 30} We find this interpretation of the Contract is reasonable, supported by the evidence, and is not disputed by the parties on appeal. It is also undisputed that Riaz unilaterally decided not to pay the property taxes in 2018 and some for 2019 because he claimed he was not provided the keys to the property in a timely manner. The magistrate found, and we agree, that under the Contract, Riaz's responsibility for payment of the property taxes was not expressly contingent on possession and that Riaz did not have a right to suspend his performance.

{¶ 31} We find Riaz breached the Contract when he failed to pay the property taxes as required by the Contract. It is undisputed that this breach by Riaz prompted the Treasurer to bring a foreclosure claim against Henen and Riaz. Henen was injured as a result of Riaz's breach in the amount of $38,002.87, which is the undisputed amount she paid to the Treasurer to avoid the foreclosure on the premises. Both parties would have lost the property had Henen not entered into and performed under the payment plan with the Treasurer. It is undisputed that Riaz breached the Contract and refused to cure the breach. At the time of trial, Riaz

had not paid Henen for the taxes she paid to the Treasurer to keep the property out of foreclosure. Refusing to pay the taxes as required under the Contract is not consistent with the standards of good faith or fair dealing. *See Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 455, 2018-Ohio-15, 97 N.E.3d 458, ¶ 54.

{¶ 32} Based on the assessment of these factors, we find that Riaz materially breached the Contract when he failed to pay the property taxes. Riaz's failure to perform, which would have caused the property to be lost to foreclosure had it not been for Henen's actions, defeated the essential purpose of the contract. *See VWS, Inc.*, 8th Dist. Cuyahoga No. 100180, 2014-Ohio-1833, at ¶ 29. Because this breach was material, we find Henen was entitled to foreclosure of the premises, pursuant to the terms of the Contract. Riaz's first assignment of error is overruled.

## B. Riaz Second Assignment of Error

{¶ 33} In his second assignment of error, Riaz argues that the trial court erred when it granted Henen's foreclosure claim, which resulted in inequitable harm against him.

{¶ 34} Generally, "'[a] foreclosure action is a civil action in equity.'" *Bank of Am. v. Rogers*, 8th Dist. Cuyahoga No. 107464, 2019-Ohio-1443, ¶ 14, quoting *Chem. Bank of N.Y. v. Neman*, 52 Ohio St.3d 204, 210, 556 N.E.2d 490 (1990); *Talmer Bank & Trust v. Schultz*, 2016-Ohio-2726, 64 N.E.3d 296, 300, ¶ 16 (8th Dist.) (Foreclosure is equitable relief.). Claims for equitable relief are reviewed for an abuse of discretion. *Treasurer of Cuyahoga Cty. v. Unknown Heirs of Weisner*,

2022-Ohio-2668, 194 N.E.3d 451, ¶ 12 (8th Dist.), citing *Sandusky Properties v. Aveni*, 15 Ohio St.3d 273, 473 N.E.2d 798 (1984).

{¶ 35} An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). Trial "courts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 39.

{¶ 36} Here, the remedy of foreclosure was agreed to in the Contract. There is no dispute that Riaz breached the Contract. Riaz has not identified anything inequitable about applying the terms of the Contract. The trial court's decision was reasonable and detailed a sound reasoning process that was supported by the undisputed evidence presented at trial. *Unknown Heirs of Weisner* at ¶ 12, citing *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 13. As such, Riaz's second assignment of error is overruled.

## C. Riaz's Third Assignment of Error

{¶ 37} Riaz's third assignment of error appeals the trial court's judgment finding that he failed to prove his breach-of-contract, fraud, and partition counterclaims.

{¶ 38} In essence, Riaz argues that the trial court's judgment was against the manifest weight of the evidence. *Sal's Heating & Cooling v. Harbour View Assocs.*, 2023-Ohio-3632, 226 N.E.3d 410, ¶ 7, citing *Huntington Natl. Bank v. Slodov*, 8th Dist. Cuyahoga No. 110113, 2021-Ohio-2932, ¶ 47. Under a manifest-weight standard of review, this court weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether in resolving conflicts in the evidence, to determine if the trial court clearly lost its way and created such a manifest miscarriage of justice that its judgment must be reversed and a new trial ordered. *Id.* at ¶ 47. When weighing the evidence in a civil appeal, we must make every presumption in favor of the finder of fact and construe the evidence, if possible, to sustain the trial court's judgment. *Id.*, citing *Bank of Am., N.A. v. Calloway*, 2016-Ohio-7959, 74 N.E.3d 843, ¶ 24 (8th Dist.).

{¶ 39} For Riaz to have succeeded on a breach-of-contract counterclaim he was required to prove the existence of a contract, his performance under the contract, the opposing party's breach, and resulting damages. *Carter*, 8th Dist. Cuyahoga No. 94671, 2010-Ohio-6026, at ¶ 11, citing *On Line Logistics, Inc. v. Amerisource Corp.*, 8th Dist. Cuyahoga No. 82056, 2003-Ohio-5381, ¶ 39. In the instant case, Riaz alleged Henen breached the Contract when she failed to provide him possession of the laundromat portion of the property after he made the down payment. At trial, the magistrate found that, even assuming the contract was breached by Henen, Riaz failed to present any evidence of damages as a result of the alleged breach, thereby failing to meet all the elements of a breach-of-contract claim.

On appeal, Riaz does not point to any evidence that the trial court failed to consider in this regard and our review of the record did not reveal any. As such, we find that the trial court's decision denying Riaz's claim for breach of contract is not against the manifest weight of the evidence.

{¶ 40} The same can be said for Riaz's fraud counterclaim against Henen. To succeed on his counterclaim for fraud Riaz was required to prove:

> "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance."

*Parmatown S. Assn. v. Atlantis Realty Co.*, 8th Dist. Cuyahoga No. 106503, 2018-Ohio-2520, ¶ 7, quoting *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55, 514 N.E.2d 709 (1987). Regarding this counterclaim, the magistrate found that Riaz failed to present evidence that Henen had made any misrepresentation or that he had incurred any damages related to any alleged misrepresentation, thereby failing to prove the elements for a fraud claim. Riaz again does not point to any evidence that the trial court failed to consider in this regard. Based on our review of the evidence, we find the trial court's decision denying Riaz's fraud claim is not against the manifest weight of the evidence.

{¶ 41} Last, Riaz claims the trial court erred by failing to grant his claim for partition of the premises pursuant to R.C. 5307.01. Per the statute, only "tenants-in-common, survivorship tenants, and coparceners" may compel partition of a

premises. The trial court adopted the magistrate's finding that Riaz's vendee lien made him an equitable lienholder, which is not a tenant-in-common, survivorship tenant, or a coparcener. Therefore, Riaz, as an equitable lienholder, was not entitled to partition under the statute. *Wayne Bldg. & Loan Co. v. Yarborough*, 11 Ohio St.2d 195, 199, 228 N.E.2d 841 (1967); *Malone v. Malone*, 119 Ohio App. 503, 199 N.E.2d 405 (4th Dist.1963). Riaz does not cite to any law contradicting the magistrate's finding. Riaz does not cite to any facts in the record — and our review of the record does not reveal anything — that the trial court failed to review that would change Riaz's status as an equitable lienholder. As such, we find the trial court's decision in denying Riaz's partition claim is not against the manifest weight of the evidence.

{¶ 42} It is clear upon a review of the evidence presented at trial that the trial court did not lose its way or create a manifest miscarriage of justice by finding against Riaz for his breach-of-contract, fraud, and partition counterclaims. The court's judgment in this regard is supported by the ample competent and credible evidence submitted at the trial of this case. Riaz's third assignment of error is overruled.

{¶ 43} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR